IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA D. MANEER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-548 |

O R D E R

AND NOW, this 11th day of July, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

1

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends the Administrative Law Judge's ("ALJ") decision should be vacated and remanded because the ALJ failed to properly evaluate the opinion of Plaintiff's treating therapist, Kathleen McQuillan, MSCP. (Doc. No. 14). After conducting its own careful and independent review of the record, the Court finds that Plaintiff's contentions are without merit.

Plaintiff contends that the ALJ did not provide an adequate explanation of the supportability or consistency factors in regard to Ms. McQuillan's opinion. (*Id.* at 12). Further, Plaintiff posits that the ALJ impermissibly relied on isolated instances of reduced symptomology to reject Ms. McQuillan's opinion instead of the longitudinal record. (*Id.*). Plaintiff also argues the ALJ inappropriately rejected Ms. McQuillan's opinion because it was not consistent with Plaintiff's history showing a lack of treatment with medication and with Plaintiff's ability to work part time. (*Id.* at 12-16). The Court disagrees and finds the ALJ's analysis of Ms. McQuillan's opinion to be supported by substantial evidence.

The Court first notes, as Plaintiff appears to acknowledge, that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. 5844-01, 2017 WL 168819, at 5853 (Jan. 18, 2017). *See also* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c). One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Here, the ALJ properly evaluated the consistency and supportability of Ms. McQuillan's opinion. Ms. McQuillan opined that Plaintiff had marked limitations in many areas of mental functioning. (Ex. 12F). The ALJ determined that this opinion was not persuasive as it was not supported by her treatment records, which showed Plaintiff was "doing really good[,]" and was inconsistent with other evidence of record including Plaintiff's generally normal mental status examination findings at the consultative examination. (R. 25). This was an adequate supportability and consistency analysis, as the ALJ explained the extent to which Ms. McQuillan's opinion was supported by her own treatment records and her opinion's consistency with the rest of the record.

Additionally, the Court finds the ALJ properly characterized the longitudinal record in evaluating Ms. McQuillan's opinion. Plaintiff argues the ALJ impermissibly noted that Ms. McQuillan's opinion was not consistent with a lack of treatment with medication,

implying that Plaintiff's mental health treatment was conservative before considering the broader course of treatment. (Doc. No. 14 at 14). Plaintiff points to evidence of taking medications such as Effexor that caused side effects such that Plaintiff reported during the hearing not having a good response to medications for mental health symptoms. (*Id.*). Plaintiff's argument, tough, overlooks that an ALJ is permitted to – and in fact required to – consider the nature of a claimant's treatment history based on the evidentiary record. *See Myers v. Comm'r of Soc. Sec.*, 684 Fed. Appx. 186, 192 (3d Cir. 2017) (holding the ALJ appropriately discounted the treating physician's opinion, in part based on conservative treatment). Here, the ALJ accurately stated that Plaintiff did not take medication for mental health conditions during the relevant period. (R. 25). Indeed, Plaintiff admitted during the hearing not having taken medication specifically for mental health conditions. (R. 70). Moreover, the ALJ did consider Plaintiff's broader course of treatment by noting that Plaintiff had generally normal mental status examination findings and reported improvement with therapy. (R. 23). While the ALJ did not specifically mention Plaintiff's history taking Effexor medication, this is not fatal to his analysis of Ms. McQuillan's opinion. *See Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009) (stating the ALJ "need not mention every piece of evidence in the record"). Accordingly, the Plaintiff's argument on this point fails.

Likewise, the Court finds that the ALJ properly considered Plaintiff's part time work when rejecting Ms. McQuillan's opinion. Plaintiff argues that the ALJ impermissibly rejected Ms. McQuillan's opinion because it was inconsistent with Plaintiff's ability to work part time. (Doc. No. 14 at 15). While acknowledging returning to part time work, Plaintiff emphasizes the struggle to maintain part time work, as working caused exhaustion, feelings of being overwhelmed, and feelings of pain and stress. (*Id.*). The Court notes though that 20 C.F.R. §§ 404.1571 and 416.971 direct an ALJ to consider the work Plaintiff performed during any period in which Plaintiff claims they were disabled. *See also Russo v. Astrue*, 421 Fed. Appx. 184, 189 (3d Cir. 2011) (finding it notable that plaintiff continued working after the alleged onset date even though that work did not reach the level of substantial gainful activity). Here, the ALJ properly considered Plaintiff's part time work as a security guard during the pendency of the disability claim. (R. 25; 45-46). While the ALJ did not mention specifically that Plaintiff struggled to maintain this work due to certain issues, it is clear the ALJ was aware of Plaintiff's impairments and thoroughly considered the record in deciding to reject Ms. McQuillan's opinion. Accordingly, the Plaintiff's argument on this point fails.

Upon careful review, the Court is satisfied that the ALJ's RFC determination reasonably accommodates all of the limitations supported by the medical and other evidence of record as outlined in the decision. The Court finds no error in the ALJ's analysis of Ms. McQuillan's opinion. Accordingly, the ALJ's findings and conclusions are supported by substantial evidence and the decision of the Commissioner must be affirmed.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:     Counsel of record